CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 22 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD NOWLIN,<br>  Plaintiff, | )<br>) Civil Action No. 7:06-cv-00457<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| BARBARA HARRIS, et. al.,<br>  Defendants. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

Plaintiff Donald Nowlin, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Nowlin alleges that the defendant, a nurse at the Lynchburg Adult Detention Center (LADC), failed to provide him with several scheduled doses of his prescription medication for diabetes between March 1 and March 13, 2006. He sues not only the nurse, but also the Blue Ridge Regional Jail Authority, seeking monetary relief.

The court notified Nowlin that his allegations did not state a constitutional claim, but granted him an opportunity to provide additional information. He submitted additional evidence, which the court has considered. Upon consideration of the complaint as supplemented, however, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487

1

U.S. 42 (1988). Prisoners, whether awaiting trial or already convicted and sentenced, are constitutionally entitled to necessary medical treatment of known, serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976)(convicted inmates' right under Eighth Amendment); Hill v. Nicodemus, 979 F.2d 987 (4th Cir. 1992)(pretrial detainee's right under Fourteenth Amendment). See also Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990) (finding that detainees' Fourteenth Amendment right is defined by reference to Eighth Amendment standard as set forth in Estelle v. Gamble). An inmate must show that jail officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Inadvertent failure to provide treatment not present constitutional deprivations. Id. at 105-106. Medical negligence "does not become a constitutional violation merely because the victim is a prisoner." Id. See also Daniels v. Williams, 474 U.S. 327, 328 (1986)(mere negligence on the part of prison employees is not actionable under § 1983).

The court is satisfied that Nowlin cannot prove any set of facts consistent with his current allegations to state any constitutional claim against the defendant. Nowlin's allegations clearly indicate that on the majority of occasions, he received his diabetes medication as scheduled. On seven or eight occasions in the first two weeks of March 2006, the nurse sometimes did not bring his afternoon dose or brought the dose later than he believed appropriate. He does not allege any facts indicating that the nurse deliberately failed to bring his medications on any of these days. Indeed, during the last two weeks of the month, Nowlin admits that he received all scheduled doses. These allegations state nothing more than a claim of negligence against the nurse. Such a claim is not actionable under § 1983.

Nowlin also has no claim against the Blue Ridge Jail Authorities. Local jails are not

"persons" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Therefore, the complaint will be dismissed without prejudice, pursuant to § 1915A and 28 U.S.C. § 1367( c), as the court declines to exercise supplemental jurisdiction over any possible state law claim Nowlin may have. An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 22nd day of August, 2006.

/s/ James C. Turk
Senior United States District Judge